IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CT-3186-FL

| | |
|---|---|
| JOSEPH RANDOLPH MAYS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| T.B. SMITH, S. MA'AT, JAMIE HOSKINS, V. WILLS, J. HALFAST, R. MARTIN, LT. CHRISTOPHER, LT. K. HENDRY, CPT. T. LESLIE, OFFICER V. WILKINS, OFFICER GLASS, OFFICER SLAYDON, SUSAN DICKERSON, OFFICER LASSITER, H. WILLIAMS, J. CARAWAY, IAN CONNORS, and JOHN/JANE DOES, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

ORDER

Plaintiff, a federal inmate proceeding pro se, filed this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The matter is before the court for frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915, and on plaintiff's motions to appoint counsel (DE 4), for extension of time to file pleadings (DE 7), to amend complaint (DE 8), and to seal exhibits 26 and 35 to the amended complaint (DE 9).

**COURT'S DISCUSSION**

A. Motions to Appoint Counsel and Amend Complaint

The court begins with plaintiff's motion to appoint counsel. Plaintiff requests appointment of counsel because he is unable to afford counsel, the issues involved in this case are complex, he

does not have access to a law library, and he does not have formal legal training. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff has failed to demonstrate that this case is one in which exceptional circumstances merit appointment of counsel and he has demonstrated through his filings that he is capable of proceeding pro se. Therefore, plaintiff's motion to appoint counsel is denied.

Plaintiff also has filed motion to amend complaint. The court grants the motion as a matter of course. See Fed. R. Civ. P. 15(a)(1). Accordingly, in conducting the frivolity review set forth below, the court has reviewed and considered the allegations in plaintiff's original complaint and the amended complaint.

B. Motions to Seal and for Extension of Time

Plaintiff also seeks leave to file his medical records, attached as exhibits 26 and 35 to the amended complaint, under seal. Having reviewed the motion under the governing standard, see Doe v. Pub. Citizen, 740 F.3d 246 (4th Cir. 2014), the court finds the documents should be sealed. Accordingly, plaintiff's motion to seal exhibits 26 and 35 to the amended complaint is granted.

Plaintiff also has filed motion for extension of time to file certain pleadings. Plaintiff does not identify, and the court has not imposed, any deadline that needs to be extended. Accordingly, the motion for extension of time is denied as unnecessary.

C.    Frivolity Review

28 U.S.C. § 1915 provides that courts shall review complaints filed by prisoners and dismiss such complaints if they are "frivolous" or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(I)-(ii). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal

3

conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, plausibly demonstrate that plaintiff is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

Plaintiff's amended complaint appears to incorporate and re-allege all claims and factual allegations contained in his original complaint, and thus the court's frivolity review focuses on the amended complaint. Plaintiff's amended complaint alleges claims for retaliation and denial of access to the courts in violation of the First Amendment (counts I and II), violations of plaintiff's due process and equal protection rights under the Fifth Amendment's Due Process Clause (counts III and VI), deliberate indifference to unconstitutional prison conditions and cruel and unusual punishment in violation of the Eighth Amendment (counts IV and V), and retaliation in violation of N.C. Gen. Stat. § 162-55 (count VII). The court reviews each claim below.

    1.    Count I

Count I alleges in part that defendants Ma'at and Hoskins violated plaintiff's First Amendment rights by fabricating false charges against plaintiff, firing him from his UNICOR job, placing him in administrative detention, and transferring him to a higher-security institution as retaliation for filing grievances. (Am. Compl. (DE 8) ¶¶ 171-72). An inmate has a First Amendment right to be free from retaliation for filing grievances. See Booker v. S.C. Dep't of Corr., 855 F.3d 533, 546 (4th Cir. 2017). Accordingly, this portion of Count I (¶¶ 171-72) is not

4

clearly frivolous, and plaintiff may proceed with Count I to the extent it alleges a retaliation claim against defendants Ma'at and Hoskins.[1]

Count I also alleges that defendants Smith, Glass, Slaydon, Christopher, Hendry, Leslie, Wilkins, Willis, Halfast, Martin, and Dickerson violated plaintiff's First Amendment rights by failing to report defendants Ma'at and Hoskins' violations of the Federal Bureau of Prisons's ("BOP") standards of employee conduct. (Am. Compl. (DE 8) ¶ 173). In the absence of a constitutional violation, the failure to follow prison policy is not sufficient to state a Bivens claim. See Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) ("[P]rison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation."). Here, plaintiff has only alleged defendants Smith, Glass, Slaydon, Christopher, Hendry, Leslie, Wilkins, Willis, Halfast, Martin, and Dickerson failed to report violations of employee standards, which standing alone is not a constitutional violation. Accordingly, this portion of count I (¶ 173) is dismissed as frivolous.

Count I also alleges that defendant Smith, the warden of FCI-Butner I (Medium) at the time, failed to protect him from the "retaliatory actions of his subordinates" in violation of the First Amendment. (Am. Compl. (DE 8) ¶ 174). Plaintiff further alleges that defendants Smith and Caraway, a BOP administrator, "violated the Plaintiff's First Amendment right to be free from reprisals/retaliation by failing to conduct an investigation into the Plaintiff's allegations [of

---

[1] The court assumes, solely for purposes of the instant frivolity review, that the Bivens remedy extends to each of plaintiff's claims. See Brunson v. Nichols, 875 F.3d 275, 279 n.3 (5th Cir. 2017) (questioning whether Bivens extends to First Amendment retaliation claims in light of Ziglar v. Abbasi, 137 S. Ct. 1843 (2017)).

retaliation], that could have prevented the retaliatory actions of Defendants Ma'at and Hoskins." (Id. ¶ 175). Additionally, in count IV, plaintiff alleges defendants Smith and Caraway failed to investigate plaintiff's allegations of retaliation, and plaintiff specifically alleges he made defendant Smith aware of the retaliation. (Id. ¶¶ 200-01). Plaintiff also sent correspondence to defendant Smith discussing his retaliation grievance, before plaintiff was transferred to the new prison, and attached such correspondence as an exhibit to the complaint. (Id. Ex. 4 at 10).[2]

Although not identified in the complaint, the court assumes plaintiff is bringing the claims alleged in Count I against defendants Smith and Caraway under bystander or supervisory liability theories. See Randall v. Prince George's Cnty., Md., 302 F.3d 188, 204, 206 (4th Cir. 2002). "An officer may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Id. at 204; see also Stevenson v. Seat Pleasant, Md., 743 F.3d 411, 416-17 (4th Cir. 2014). A claim for supervisory liability requires allegations showing: (1) "the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury"; (2) the supervisor responded so inadequately "as to show deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) "there was an affirmative causal link" between the supervisor's inaction and plaintiff's alleged injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (quotations omitted)

On frivolity review, the court will allow the claims alleged in Count I against defendants Smith and Caraway (Am. Compl. (DE 8) ¶¶ 174-75) to proceed. Plaintiff has alleged he informed

---

[2]Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

defendants Smith and Caraway about ongoing unconstitutional conduct perpetrated by their subordinates, and they failed to address plaintiff's termination from his UNICOR job, placement in administrative detention, or prevent his transfer to a more restrictive prison. (Id. ¶¶ 174-75, 200-01, Ex. 4 at 10). In the light most favorable to plaintiff, and considering his pro se status, the court finds these allegations are sufficient to survive frivolity review on a bystander or supervisory liability theory related to plaintiff's underlying retaliation claim. See Stevenson, 743 F.3d at 419 (holding allegations that defendants knew about unconstitutional conduct and "allowed" such conduct to occur sufficient to allege claim for bystander liability where plaintiff otherwise alleged valid claims for underlying constitutional violations).[3]

In sum, the court allows Count I to proceed, except as to the allegations in paragraph 173. To the extent plaintiff is attempting to assert a Bivens claim based on the allegations in paragraph 173, the court dismisses such claim as frivolous.

2.  Count II

Count II alleges defendants Martin, Smith, Ma'at, Hoskins, Willis, and Halfast violated plaintiff's First Amendment right to access the courts. To state a claim for denial of access to the courts, an inmate must show actual injury – that a defendant's conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006). In other words, the actual injury requirement mandates that

---

[3] To the extent plaintiff alleges defendant Smith is liable solely because he is defendants Ma'at and Hoskins' supervisor, the claim lacks merit. Ashcroft, 556 U.S. at 676 (holding there is no respondeat superior liability under Bivens, and thus supervisor cannot be held liable for unconstitutional conduct of his subordinates solely on the basis of his status as supervisor). Additionally, to the extent plaintiff is alleging defendants Smith and Hoskins failed to properly investigate his grievance, the claim lacks merit. Plaintiff does not have a constitutional right to participate in a particular grievance procedure. Adams, 40 F.3d at 75; see also Booker, 855 F.3d at 541.

an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Lewis, 518 U.S. at 353. The right to access the courts also does not extend to the ability to "litigate effectively once in court." Id. at 354 (disclaiming language in Bounds v. Smith, 430 U.S. 817, 825 (1977), suggesting otherwise).

Plaintiff's allegations do not establish that defendants prevented him from filing a nonfrivolous legal claim. Plaintiff alleges that he is unable to pay the filing fee in civil cases because certain defendants terminated him from his UNICOR job. But plaintiff does not allege this circumstance prevented him from filing any lawsuits. Indeed, plaintiff filed the instant lawsuit without prepaying the $350 filing fee. (See July 24, 2018, order (DE 6)). Plaintiff also alleges defendant Martin violated his right to participate in the BOP's grievance process. As set forth above, plaintiff does not have a constitutional right to participate in the grievance procedure. Adams, 40 F.3d at 75. Plaintiff's remaining allegations in Count II also fail to allege a claim for denial of access to the courts under the standard set forth above. Count II is therefore dismissed as frivolous.

3. Count III

Count III alleges defendants Smith, Ma'at, Hoskins, Glass, Slaydon, Christopher, Hendry, Willis, Halfast, Lassiter, Martin, Caraway, Wilkins, Williams and the John/Jane Doe defendants violated his Fifth Amendment due process rights. Plaintiff alleges numerous violations of the Due Process Clause, but the allegations generally can be summarized as follows. Defendants fabricated disciplinary charges against plaintiff, resulting in his placement in administrative detention for 71 days, and failed to notify plaintiff of the charges or provide a hearing. (See, e.g., Am. Compl. (DE 8) ¶¶ 181-83, 185-88, 190, 192). Relying on the same false disciplinary charges, defendants fired

plaintiff from his UNICOR job, and transferred him to a more restrictive prison, again without providing a hearing or notice of the charges. (See, e.g., id. ¶¶ 184, 189, 196-97). On frivolity review, the court finds plaintiff's procedural due process claims are not clearly frivolous. See Martin v. Duffy, 858 F.3d 239, 253 (4th Cir. 2017) (providing legal standard for procedural due process claim), cert. denied, 138 S. Ct. 738 (2018).

Count III also alleges defendants Williams and Caraway mishandled plaintiff's "sensitive" grievance and that defendant Hoskins should not have been allowed to investigate grievances accusing him of misconduct. (Am. Compl. (DE 8) ¶¶ 194-95). As set forth above, plaintiff does not have a constitutional right to participate in the BOP's grievance process. Adams, 40 F.3d at 75. And to the extent plaintiff is alleging that defendant Hoskins violated internal prison policy by investigating a grievance charging him with misconduct, the claim lacks merits. As set forth above, in the absence of a constitutional violation, violation of internal prison policy is not an actionable claim. Riccio, 907 F.2d at 1469; Jackson, 536 F. App'x at 357.

Accordingly, plaintiff's procedural due process claim alleged in count III, as it relates to his placement in administrative detention, job termination, and transfer, may proceed. Plaintiff's claims alleging wrongful handling of his grievances (Am. Compl. (DE 8) ¶¶ 194-95) are dismissed as frivolous.

    4.    Count IV

Count IV alleges in part that defendants Williams, Caraway and Smith violated the Eighth Amendment by failing to protect plaintiff from retaliation and failing to investigate his allegations of retaliation. (Id. ¶¶ 200-01). Count IV separately alleges defendants Smith, Ma'at, Hoskins, Willis, Halfast, and Martin violated the Eighth Amendment "when they failed to take into account

the Plaintiff's history of depression, especially in light of the effects of the wrongful administrative detention, retaliation, and the transfer on the Plaintiff and the lack of specific charges and a disciplinary action report." (Id. ¶ 203).

The Eighth Amendment's prohibition on cruel and unusual punishment requires prison officials to provide humane conditions of confinement, including "reasonable measures to guarantee inmate safety." Makdessi v. Fields, 789 F.3d 126, 132 (4th Cir. 2015) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)). To allege an Eighth Amendment violation based on failure to prevent harm, "the plaintiff must show that he was 'incarcerated under conditions posing a substantial risk of serious harm.'" Id. at 133 (quoting Farmer, 511 U.S. at 834). Additionally, the defendant must have acted with deliberate indifference to the plaintiff's health or safety. Farmer, 511 U.S. at 834. In a failure to protect claim, deliberate indifference is established by showing that the prison official "knew of and disregarded an excessive risk to inmate health or safety." Danser v. Stansberry, 772 F.3d 340, 347 (4th Cir. 2014) (quotation omitted). A plaintiff alleging deliberate indifference to serious medical needs must establish that a prison official knew of and disregarded an "objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); see also Farmer, 511 U.S. at 837.

Plaintiff has not alleged these elements. As noted, plaintiff claims defendants Williams, Caraway, and Smith failed to protect him from retaliation. But the alleged retaliatory actions are plaintiff's termination from his UNICOR job and placement in administrative detention, which do not standing alone pose a substantial risk to plaintiff's health or safety. See Makdessi, 789 F.3d at133 (requiring that plaintiff allege he was incarcerated under conditions posing a substantial risk of serious harm). Plaintiff also has not alleged these defendants were aware that termination from

10

UNICOR or placement in administrative detention posed a substantial risk to plaintiff. See Danser, 772 F.3d at 348-49 (holding defendant entitled to judgment as a matter of law where plaintiff failed to show defendant was aware of an excessive risk to inmate safety). Therefore, even assuming these defendants ignored and "failed to investigate" his claims of retaliation, that conduct does not establish an Eighth Amendment violation.[4]

To the extent plaintiff alleges defendants Smith, Ma'at, Hoskins, Willis, Halfast, and Martin were deliberately indifferent to his medical needs by failing to consider his mental health issues before placing him in administrative segregation, the claim similarly lacks merit. Plaintiff has not sufficiently alleged that placing him in administrative detention posed a substantial risk of serious harm or that defendants were deliberately indifferent to such risk. See Shakka, 71 F.3d at 166 (describing standard for alleging deliberate indifference to serious medical needs); see also In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 472 (4th Cir. 1999) (holding placement in administrative detention standing alone is not sufficient to establish Eighth Amendment violation and noting "the isolation inherent in administrative segregation or maximum custody is not itself constitutionally objectionable"). The court therefore dismisses count IV for failure to state a claim.

5. Count V

Count V alleges plaintiff's administrative detention amounted to cruel and unusual punishment because he was placed in administrative detention for 71 days without notice of the charges or a hearing, his phone privileges were limited to one call per month, and he experienced

---

[4]Plaintiff's Eighth Amendment failure to protect claim is also duplicative of his First Amendment retaliation claims premised on supervisory or bystander liability theories. As set forth above, the First Amendment claims premised on such theories may proceed. But the same allegations are not sufficient to state an Eighth Amendment failure to protect claim for the reasons discussed above.

11

various health problems. (Am. Compl. (DE 8) ¶¶ 204-07). These allegations also fail to state a claim for relief.

As an initial matter, plaintiff's claims concerning wrongful placement in administrative detention without a hearing or notice of the charges must be brought as a Fifth Amendment procedural due process claim, which plaintiff alleged in count III as discussed above. Prieto v. Clark, 780 F.3d 245, 251 (4th Cir. 2015) (distinguishing between procedural due process and Eighth Amendment conditions of confinement claims); In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d at 472 (holding placement in disciplinary segregation standing alone does not violate Eighth Amendment).

With respect to the remaining allegations in Count V, the court assumes plaintiff is attempting to bring an Eighth Amendment conditions of confinement claim. Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, and medical care . . . ." Farmer, 511 U.S. at 832. The Eighth Amendment, however, "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981); see also Shakka, 71 F.3d at 166 ("[T]he ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity. Accordingly, only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim." (quotation omitted)). To succeed on an Eighth Amendment conditions of confinement claim, an inmate must "show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted).

Plaintiff's allegations that his phone privileges were restricted to one call per month do not constitute a "serious deprivation of a basic human need." See Overton v. Bazzetta, 539 U.S. 126, 136-37 (2003) (holding two-year ban on visitation imposed for disciplinary violation did not violate Eighth Amendment particularly where other forms of communication remain available). Plaintiff also alleges he suffered from various stomach ailments, high blood pressure, and dehydration while in administrative detention, but he fails to explain how such medical issues were caused by the alleged unconstitutional conditions of his confinement or how defendants failed to provide plaintiff access to appropriate medical care for such conditions. Shakka, 71 F.3d at 166 (stating standard of review for alleging deliberate indifference). The court therefore dismisses count V for failure to state a claim.

6. Count VI

Count VI alleges various defendants violated plaintiff's equal protection rights by firing him from his UNICOR position for filing grievances and fabricating disciplinary charges against plaintiff. (Am. Compl. (DE 8) ¶¶ 208-09). Plaintiff also alleges defendants Smith, Ma'at, Hoskins, Willis, and Halfast treated him "disparately" because he was fired from his UNICOR job and ultimately transferred as a result of filing grievances, while other inmates with similar work records who did not file grievances were not subject to such retaliation. (Id. ¶ 211). Finally, plaintiff alleges defendant Ma'at and Hoskins engaged in racial discrimination because they did not fire plaintiff's coworker despite plaintiff and his coworker having the same alleged job-performance issues. (Id. ¶¶ 66-74, 212).

The Fifth Amendment Due Process Clause "forbids the Federal Government to deny equal protection of the laws." Davis v. Passman, 442 U.S. 228, 234 (1979). The equal protection doctrine

provides "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Generally, in order to establish an equal protection claim, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. If [a plaintiff] makes this showing, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Veney v. Wyche, 293 F.3d 726, 730–31 (4th Cir. 2002) (quotation omitted); Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

The court finds plaintiff's equal protection claim survives frivolity review. See Bentley v. Beck, 625 F.2d 70, 70-71 (5th Cir. 1980) (holding plaintiff stated equal protection claim where plaintiff alleged he was denied prison job on basis of race); Johnson v. Knable, No. 88-7729, 1988 WL 119136, at *1 (4th Cir. Oct. 31, 1988) (holding prisoner's allegations that he was denied a prison job based on sexual orientation sufficient to state equal protection claim). Accordingly, plaintiff is allowed to proceed with his claims in count VI.

7. Count VII

Count VII alleges plaintiff was subject to retaliation in violation of N.C.. Gen. Stat. § 162-55. Section 162-55 provides that "if the keeper of a jail shall do, or cause to be done, any wrong or injury to the prisoners committed to his custody, contrary to law, he shall not only pay treble damages to the person injured, but shall be guilty of a Class 1 misdemeanor." N.C. Gen. Stat. § 162-55. The statute "is a codification of long-standing North Carolina precedent that a sheriff and his deputies are liable for their negligence which results in an injury to a prisoner." Ramsey v. Schauble, 141 F. Supp. 2d 584, 591 (W.D.N.C. 2001). Defendants are not North Carolina sheriff's

deputies or otherwise the "keeper" of a North Carolina "jail" and thus they are not subject to civil liability under this statute. See id. To the extent plaintiff is attempting to assert tort claims against the federal employee defendants pursuant to the Federal Tort Claims Act ("FTCA"), he must first present those claims to the BOP under 28 U.S.C. § 2675(a) and exhaust FTCA remedies[5] before bringing suit in federal court. Plaintiff also cannot allege a Bivens claim based on violations of state tort law. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 67 (2001) (noting Bivens remedy is only available for certain constitutional violations). Accordingly, the court dismisses count VII as frivolous.

In sum, the court dismisses the following claims as frivolous or for failure to state a claim on which relief can be granted: counts II, IV, V, and VII. The court also dismisses the claims asserted in paragraph 173 of count I and paragraphs 194 and 195 of count III as frivolous. With those exceptions, plaintiff may proceed with the claims alleged in counts I, III, and VI.

D.  Leave to Amend

Plaintiff may be able to amend his complaint to allege viable claims for relief under the standards set forth above, particularly with respect to counts IV and V. Accordingly, plaintiff may request leave to amend the complaint to correct the deficiencies in the complaint identified above. Any motion to amend the complaint must include plaintiff's proposed amended complaint, and such proposed amended complaint will be subject to additional frivolity review pursuant to 28 U.S.C. § 1915. Plaintiff's motion to amend is due **21 days** from entry of this order. If plaintiff elects not to file amended complaint, his claims in counts I, III, and VI remain in the case and will proceed.

**CONCLUSION**

---

[5] FTCA administrative remedies are not the same as the BOP's internal grievance procedure.

Based on the foregoing, the court rules as follows:

1) Plaintiff's motions to appoint counsel (DE 4) and for extension of time to file pleadings (DE 7) are DENIED;

2) Plaintiff's motion to seal exhibits 26 and 35 to the amended complaint (DE 9) is GRANTED, and the clerk is DIRECTED to maintain such exhibits under seal;

3) Plaintiff's motion to amend (DE 8) is GRANTED;

4) Plaintiff is ALLOWED to proceed with counts I, III, and VI, except as to the claims noted above. The United States Marshal Service is DIRECTED to make service on defendants Ma'at, Hoskins, Smith, Caraway, Glass, Slaydon, Christopher, Hendry, Willis, Halfast, Lassiter, Martin and Wilkins pursuant to 28 U.S.C. § 1915(d);

5) The court DISMISSES counts II and VII as frivolous, and counts IV and V for failure to state a claim on which relief may be granted;

6) Plaintiff's claims against defendants Leslie, Dickerson, and Williams are DISMISSED; and

7) Plaintiff may file amended complaint within **21 days** of entry of this order as set forth above.

SO ORDERED, this 27th day of February, 2019.

LOUISE W. FLANAGAN
United States District Judge