IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CT-3186-FL

| | |
|---|---|
| JOSEPH RANDOLPH MAYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| T.B. SMITH, S. MA'AT, JAMIE ) | |
| HOSKINS, V. WILLIS, J. HALFAST, R. ) | |
| MARTIN, LT. CHRISTOPHER, LT. K. ) | |
| HENDRY, OFFICER V. WILKINS, ) | |
| OFFICER GLASS, OFFICER SLAYDON, ) | |
| OFFICER LASSITER, J. CARAWAY, ) | |
| IAN CONNORS, and JOHN/JANE DOES, ) | |
| ) | |
| Defendants.[1] ) | |

Plaintiff, a federal inmate proceeding pro se, filed this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). On February 27, 2019, the court conducted frivolity review of plaintiff's complaint, allowed the action to proceed as to certain claims, and directed plaintiff to file amended complaint particularizing his remaining claims. Plaintiff timely complied with the court's order. The matter now is before the court for frivolity review of plaintiff's amended complaint pursuant to 28 U.S.C. §1915, and on plaintiff's motions for leave to file amended complaint, (DE 35), to seal medical records, (DE 36), and for order to provide information to effect proper service, (DE 42).

**COURT'S DISCUSSION**

A. Plaintiff's Motions

---

[1] The court constructively has amended the caption of this order to reflect dismissal of formerly-named defendants Cpt. T. Leslie, Susan Dickerson, and H. Williams on February 27, 2019.

The court begins with plaintiff's motion to seal medical records submitted as exhibits 26 and 35, (DE 35-4, 35-5), to plaintiff's proposed amended complaint. The court has reviewed the motion under the governing standard and finds the exhibits should be sealed. See Doe v. Pub. Citizen, 749 F.3d 246 (4th Cir. 2014). Accordingly, the court grants plaintiff's motion to seal.

The court now turns to plaintiff's motion for leave to file amended complaint. The court's February 27, 2019, order directed plaintiff to file amended complaint particularizing his claims, and the instant motion seeks leave to file amended complaint in conformity with the court's order. Accordingly, the court grants plaintiff's motion for leave to file amended complaint.

Plaintiff also moves for order directing the United States Attorney to provide this court with defendant Lassiter's last known address, in order to effectuate service of the summons and complaint. The United States, which has entered limited notice of appearance as an interested party, responded to plaintiff's motion. The United States represents that defendant Lassiter has authorized the United States Attorney's Office for the Eastern District of North Carolina to accept service of plaintiff's amended complaint on her behalf. (DE 43). Accordingly, the court denies as moot plaintiff's motion requesting address information for defendant Lassiter.

B.     Frivolity Review

28 U.S.C. § 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints if they are "frivolous" or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and

include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, plausibly demonstrate that plaintiff is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

Here, plaintiff's motion for leave to file amended complaint concedes that the counts two, five, and seven of his original complaint should be dismissed for failure to state a claim for the

reasons stated in the court's February 27, 2019, order. (DE 35 at 1). Accordingly, the court dismisses such claims with prejudice.

As to the remaining claims, the court previously concluded the majority of counts one, three, and six survive frivolity review. (DE 12 at 4-7, 8-9, 13-14). Plaintiff's proposed amended complaint, however, seeks leave to amend these counts to include additional claims against defendants.

With respect to count one, plaintiff requests leave to amend to include the following allegation:

> Defendants Smith, Glass, Slaydon, Christopher, Hendry, Leslie, Wilkins, Willis, Halfast, Martin, and Dickerson violated the plaintiff's First Amendment right to be free from retaliation by failing to immediately report the retaliation against and the wrongful detention of the plaintiff, by defendants Ma'at and Hoskins, in violation of 18 U.S.C. § 4042, 5 C.F.R. § 2635, and 28 C.F.R. §§ 40.9 and 45.11.

(Proposed Am. Compl. (DE 35-1) ¶ 173). The allegation does not state a claim for violation of plaintiff's First Amendment rights. Plaintiff has a First Amendment right to be free from retaliation for exercising his right to petition the government by filing prison grievances. See Booker v. S.C. Dep't of Corr., 855 F.3d 533, 546 (4th Cir. 2017). Defendants' alleged failure to "report" or investigate the retaliation after it occurred, however, does not violate plaintiff's First Amendment rights, particularly where there is no allegation that defendants could have prevented the violation. See id.; see also Randall v. Prince George's Cnty., Md., 302 F.3d 188, 204, 206 (4th Cir. 2002) (addressing bystander liability and requirement that plaintiff allege defendants could have prevented the harm).[2]

---

[2] As discussed in the court's February 27, 2019, order the court will allow plaintiff's claims against defendant Smith to proceed on bystander or supervisory liability theories, and therefore this additional allegation as to defendant Smith is duplicative and unnecessary.

To the extent plaintiff's claims is that defendants Smith, Glass, Slaydon, Christopher, Hendry, Leslie, Wilkins, Willis, Halfast, Martin, and Dickerson should have removed plaintiff from administrative segregation after he reported the alleged retaliation, the claim lacks merit. Prison officials are not required to credit plaintiff's allegations of retaliation over corrections officers' reports of disciplinary issues necessitating administrative segregation. See Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984) (noting prison officials may rely on properly-trained subordinates where there is "no basis upon which to anticipate . . . misconduct"). And to the extent plaintiff is alleging defendants Smith, Glass, Slaydon, Christopher, Hendry, Leslie, Wilkins, Willis, Halfast, and Martin violated his rights under the cited federal statutes and regulations, the Bivens remedy is only available for constitutional violations. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1856 (2017); Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 67 (2001). Accordingly, the court dismisses plaintiff's claims alleged in amended paragraph 173 of the proposed amended complaint for failure to state a claim.

Turning to count three, plaintiff seeks leave to amend the complaint by adding the following allegations:

> Defendants Williams and Caraway violated the plaintiff's Fifth Amendment right to due process when they failed to investigate the alleged retaliation (the "sensitive" issue) as required in 28 C.F.R. § 542.11 and 542.14(d) and honor the plaintiff's right to a review by a person or persons not under the institution's control as required in 28 C.F.R. § 40.7(c) and (f).
>
> Defendant Ma'at violated the plaintiff's Fifth Amendment right to due process when he allowed defendant Hoskins to be a party to his own investigation and not considering the fact that defendant Hoskins was the plaintiff's superior and defendant Ma'at's immediate subordinate in violation of 28 C.F.R. § 40.7(c) [and] (f).
>
> Defendant Willis, Halfast, and Martin (unit team) violated the plaintiff's Fifth Amendment right to due process when they failed notify the plaintiff, as required

5

> by 28 C.F.R. § 524.73, of his classification as a CIM (Central Inmate Monitoring) case and/or have [plaintiff] sign for this notification.

(Proposed Am. Compl. (DE 35-1) ¶¶ 190-91, 195). These allegations do not state a claim for relief. As to the claims against defendants Williams, Caraway, and Ma'at, plaintiff appears to allege they failed to properly follow prison procedures with respect to investigating and responding to his grievance alleging retaliation. As the court previously has explained, plaintiff does not have a constitutional right to access a particular grievance procedure, even if that procedure is codified in federal regulations. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); see also Booker, 855 F.3d at 541. The court therefore dismisses the allegations in paragraphs 190 and 191 of the proposed amended complaint for failure to state a claim.

Plaintiff also asserts defendants Willis, Halfast, and Martin violated his due process rights by failing to notify him of his change in custody classification in accordance with 28 C.F.R. § 524.73. A plaintiff alleging a procedural due process violation must allege facts showing 1) "that there is a state statute, regulation, or policy that creates [a liberty interest under the Due Process Clause]"; and 2) that "the denial of such an interest imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Martin v. Duffy, 858 F.3d 239, 253 (4th Cir. 2017) (internal quotation omitted); see also Prieto v. Clarke, 780 F.3d 245, 248-49 (4th Cir. 2015). Here, assuming without deciding that plaintiff has alleged a protected liberty interest, plaintiff alleges no facts establishing that the change in custody classification imposed an atypical and significant hardship. See Martin, 858 F.3d at 253 (affirming dismissal of inmate's procedural due process claim where the complaint failed to allege how change in custody classification imposed conditions that "were atypical and significantly harsh compared to those of the general population"). Accordingly, the court dismisses the allegations in paragraph

195 of the proposed amended complaint for failure to state a claim.

Finally, plaintiff's proposed amended complaint includes additional factual allegations supporting plaintiff's Fifth Amendment equal protection claim (count six). (Proposed Am. Compl. (DE 35-1) ¶¶ 201-06). On frivolity review, the court will allow plaintiff's amended equal protection claim to proceed.

The court next turns to the status of defendant Connors. Plaintiff's proposed amended complaint does not allege any claims for relief against defendant Connors. Accordingly, the court dismisses this action as to defendant Connors for failure to state a claim.

## CONCLUSION

Based on the foregoing, the court ORDERS as follows:

1) The court GRANTS plaintiff's motion to seal (DE 36) and DIRECTS the clerk to maintain docket entries 35-4 and 35-5 under seal until further order of the court;

2) The court GRANTS plaintiff's motion for leave to file amended complaint (DE 35) and DIRECTS the clerk to docket plaintiff's proposed amended complaint and accompanying exhibits as the operative amended complaint in this action. Exhibits 26 and 35 to amended complaint shall be sealed by the clerk as set forth above.

3) The court DISMISSES counts two, four, five and seven, and the claims alleged in paragraphs 173, 190-91, and 195 for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The surviving claims in the operative amended complaint are counts one, three, and six, with exception of the paragraphs identified above.

4) The court DIRECTS the United States Marshals service to effect service on

defendant Lassiter, pursuant to 28 U.S.C. § 1915(d), by sending the operative amended complaint and summons, via certified mail, to the following address:

>   USAO-EDNC, Attn: Sharon Wilson
>   150 Fayetteville Street, Suite 2100
>   Raleigh, NC 27601.

5)     The court DENIES as moot plaintiff's motion for order to provide information to effect proper service upon defendant Lassiter (DE 42).

6)     The court DISMISSES this action as to defendant Connors pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED, this the 28th day of October, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge